

DANIEL ZEMEL, ESQ. (NY, NJ)
660 BROADWAY
PATERSON, NEW JERSEY 07514
PHONE:   (862) 227-3106
FAX:      (973) 282-8603
DZ@ZEMELLAWLLC.COM

July 8, 2026

**<u>VIA ECF:</u>**
Magistrate Judge Andrew Krause
United States District Court
Southern District of New York

> **RE:    Duetch v. Experian Information Solutions, Inc.**
> **Case No. 7:25-cv-09044-NSR-AEK**

Honorable Court:

Plaintiff, through undersigned counsel, respectfully submits this response pursuant to the Court's July 3, 2026 Text Order. Plaintiff has complied, or is in the process of complying, with each directive contained in the Court's Order.

First, Plaintiff has provided Defendants with the name and contact information for Shellpoint's outside counsel, as directed by the Court.

Second, Plaintiff has conferred with counsel for TransUnion regarding the outstanding discovery issues identified in the TransUnion's recent correspondence. Plaintiff has also served supplemental responses to Defendant TransUnion's Interrogatories and Requests for Production in an effort to address the issues raised by Defendant and to continue moving discovery forward. Plaintiff remains willing to continue meeting and conferring before the Court-imposed July 10 deadline regarding any remaining discovery disputes and has agreed to meet with TransUnion on July 10 to discuss any remaining issues not addressed by Plaintiff's Supplemental Responses.

Third, Defendants' request that Plaintiff be ordered to show cause why this action should not be dismissed is both premature and unsupported. At the June 11, 2026 conference and in prior emails, Defendants argued that Plaintiff should voluntarily dismiss this action based upon Shellpoint's document production. Plaintiff advised both Defendants and the Court that additional evidence exists which directly contradicts the Defendants' version of events and that Plaintiff was awaiting production of that evidence from Shellpoint. That remains true today.

Specifically, Plaintiff has requested recordings of telephone calls between Plaintiff and Shellpoint which have not yet been produced despite Plaintiff's repeated requests. Those recordings are directly relevant to the core factual dispute in this case. The

outstanding recordings are expected to demonstrate that Plaintiff contacted Shellpoint before any alleged delinquency was reported and advised Shellpoint of his financial hardship. During that conversation, Shellpoint informed Plaintiff that he could immediately enter into a forbearance program and expressly represented that by doing so he would avoid any negative credit reporting for the month of January during the pendency of the forbearance, as pled in his Complaint. Those recordings are central evidence supporting Plaintiff's claims and directly contradict Defendants' assertion that Shellpoint's existing document production conclusively establishes that Plaintiff's claims lack merit.

Plaintiff has now been awaiting production of these recordings for more than one month. The delay has not resulted from any lack of diligence by Plaintiff. Rather, as previously reported to the Court, Shellpoint's outside counsel advised undersigned counsel that they had not yet received the responsive recordings and related materials from their client. Because Shellpoint is a non-party, Plaintiff does not control the timing of its document production.

Defendants seek dismissal based solely upon an incomplete production from a non-party while simultaneously disregarding Plaintiff's repeated representation that additional responsive evidence remains outstanding. The Federal Rules contemplate that parties are entitled to obtain relevant discovery before dispositive relief is considered. Until the outstanding recordings are produced, Defendants cannot credibly contend that the factual record is complete.

Moreover, Plaintiff has continued to participate in discovery throughout this litigation. Plaintiff has now met and conferred with TransUnion regarding their June 18, 2026 letter, which provided only one week for Plaintiff to respond; supplemented the written discovery responses as requested, has provided the requested contact information for Shellpoint's counsel, and remains prepared to continue working cooperatively to resolve any remaining discovery issues.

It should also be noted that, contrary to Defendants' implications that Plaintiff has failed to diligently prosecute this action, Plaintiff served written discovery on all Defendants on February 13, 2026. Both Equifax and Experian requested extensions of time to respond. Equifax did not serve its written responses until April 16, 2026, and Experian did not serve its written responses until June 25, 2026—more than four months after Plaintiff's discovery requests were served. These substantial delays in Defendants' own discovery responses necessarily impacted the overall pace of discovery and undermine any suggestion that Plaintiff alone is responsible for the timing of the discovery process.

For these reasons, Plaintiff respectfully submits that Defendants' request for an order to show cause or dismissal should be denied. Plaintiff respectfully requests that discovery continue, especially in light of the fact the discovery deadline is still approximately two months away, so that the outstanding Shellpoint recordings may be produced and the parties may litigate this matter on a complete evidentiary record.

Dated: July 8, 2026                    Respectfully submitted,

                                       /s/*Daniel Zemel*
                                       Daniel Zemel, Esq.
                                       **ZEMEL LAW LLC**
                                       660 Broadway
                                       Paterson, New Jersey 07514
                                       T: (862) 227-3106
                                       DZ@zemellawllc.com
                                       *Counsel for Plaintiff*